September 30, 2026

Hon. Jesse M. Furman
U.S. District Judge for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007
*Via CM/ECF*

Re: *Balde v. Genalo*, No. 1:26-cv-08227-JMF
Petitioner's Letter Motion for Leave to File Supplemental Supporting Evidence Under Seal & Position on Remote Access Restrictions

Dear Judge Furman:

I write, on Petitioner Oumou Balde's behalf, to respectfully move this Court for leave to submit the following documents in further support of her Petition for Writ of Habeas Corpus, ECF No. 1, and Motion for Release Pending Adjudication of the Petition Pursuant to *Mapp v. Reno*, ECF No. 11:

- Ex. A: Decl. of Oumou Balde,
- Ex. B: Letter of Earl Scott, M.D., and
- Ex. C: Letter of the Honorable Adriano Espaillat, Member of Congress.

All three documents contain information about Ms. Balde's current medical condition, further contextualizing Ms. Balde's need for immediate relief. *See generally*, Pet'r's Mem. of Law in Supp. of Mot. for Release Pending Adjudication of the Pet. Pursuant to *Mapp v. Reno*, ECF No. 12. Granting Ms. Balde leave to supplement is warranted because undersigned counsel obtained these relevant documents only after Ms. Balde submitted her petition pro se and after counsel moved for *Mapp* relief. Respondents have indicated that they do not oppose this request; granting it would not therefore be prejudicial to Respondents.

Because these three documents include information about Ms. Balde's current medical conditions, she further requests leave to file them under seal. Requests for sealing are considered under a balancing test, weighing the public's weighty interest in accessing judicial records with litigants' interest in preserving privacy over sensitive, personal information. *See United States v. Amodeo*, 71 F.3d 1044, 1048–53 (2d Cir. 1995). Courts within this Circuit have consistently found that litigants possess a "considerable privacy interest" in their "sensitive medical information," outweighing the interest for public disclosure. *Gutierrez v. Dubois*, No. 20-cv-2079, 2020 WL 3072242, at *10 (S.D.N.Y. June 10, 2020) (internal quotation marks omitted); *see also, e.g.*, *Valentini v. Grp. Health Inc.*, No. 20-cv-9526, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) (concluding that "Plaintiffs' privacy interests and Defendants' legal obligations [under the Health Insurance Portability and Accountability Act] outweigh the presumption of public access"); *Thor Equities, LLC v. Factory Mutual Ins. Comp.*, No. 20-cv-3380, 2023 WL 6382684, at *1 (S.D.N.Y. Sept. 29, 2023) ("Personal medical information implicates significant privacy interests that overcome the strong presumption of public access.") (internal citation and quotation marks

omitted). Respondents have similarly indicated that they do not oppose this request; granting it would also not be prejudicial to Respondents.

Relating to Ms. Balde's interest in preserving her privacy over her medical conditions, she respectfully requests this Court maintain the typical limitations on remote access. *See* Memo Endorsement, ECF No. 15 (asking Petitioner to provide her position regarding the limitations on remote access). Ms. Balde's petition might also involve discussions of her previous application and grant of withholding-of-removal relief. Fear-based applications for relief are generally subject to heightened confidentiality protections. *See* 8 C.F.R. § 1208.6. Given Ms. Balde's petition might involve sensitive information, she respectfully requests this Court preserve the limitations on remote access.

Respectfully submitted,

*/s/ John Peng*

John Peng
Jonah Eaton
UnLocal, Inc.
45 W. 29th St., Ste. 203
New York, NY 10001
T: (516) 712-7608
E: johnhcpeng@gmail.com
*Pro Bono Counsel for Petitioner*

CC (*via CM/ECF*):
All counsel of record

The motion to supplement is GRANTED. The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 16.

SO ORDERED.

October 1, 2026