UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OUMOU BALDE,

Petitioner,

-v-

KENNETH GENALO et al,

Respondents.

---

26-CV-8227 (JMF)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

In 2009, an immigration judge ordered Petitioner Oumou Balde removed but granted withholding of removal to her native Guinea on the ground that she would be more likely than not persecuted if removed there. The Government waived its appeal and did not then take Balde into custody. To the contrary, the Government released her and permitted her to establish ties in New York City, where — in the subsequent seventeen years — she worked, paid taxes, and raised her five children, U.S. citizens all. On September 21, 2026, the Government reversed course and, having decided to remove Balde to Ghana, took her into custody without warning. She now petitions for the writ of habeas corpus under 28 U.S.C. § 2241. *See* ECF No. 1.

Substantially for the reasons set forth by Judge Analisa Torres in *Touray v. Genalo*, 26-CV-8370 (AT), 2026 WL 3026067, at *2-4 (S.D.N.Y. Oct. 7, 2026), the Court concludes it has jurisdiction to review Balde's challenge to her ongoing detention. *See also* ECF No. 31 ("Pet'r's Reply"), at 22-25. And substantially for the reasons ably set forth by Judge Arun Subramanian in *Diallo v. Joyce*, 817 F. Supp. 3d 202, 204-08 (S.D.N.Y. 2025), the Court concludes that Respondents have detained Balde without statutory authority. *See also* Pet'r's Reply 4-8. In brief, 8 U.S.C. § 1231(a)(6) — the *only* statute Respondents cite for Balde's detention, *see* ECF

No. 25 ("Resps.' Opp'n"), at 9 — "provides for a period of *continued* detention for certain classes of people who have not been removed at the conclusion of the ninety-day removal period. It isn't a free-roaming right to arrest and detain people any time it sees fit, even a decade" — let alone seventeen years — "after the fact." *Diallo*, 817 F. Supp. 3d at 205.

Respondents seek to distinguish *Diallo* on the ground that, there, "the government had no imminent plans to remove" the petitioner. Resps.' Opp'n 11-12. In *Diallo*, Judge Subramanian did state that "nothing" in his "holding" meant "that, if removal were *imminent*, the government could not briefly detain Diallo for purposes of effecting that removal," observing that "[a] detention of that kind might reasonably be thought of as implicit in the concept of 'removal' itself." 817 F. Supp. 3d at 208. That caveat does not amount to a holding that the Government may detain someone when removal is imminent, let alone that it may do so pursuant to Section 1231(a)(6), which authorizes detention in various circumstances but says nothing about imminent removal. *See* 8 U.S.C. § 1231(a)(6) ("An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period[.]"). And in any event, while Balde may be closer to removal than Diallo was, Respondents fail to show that her removal is imminent enough for her detention to "be thought of as implicit in the concept of 'removal' itself." 817 F. Supp. 3d at 208.

In short, Petitioner has "demonstrated that her detention is unlawful, because 8 U.S.C. § 1231(a)(6), the statutory provision the government cites for its authority to detain her, cannot justify holding her in custody." *Touray*, 2026 WL 3026067, at *5 (citation omitted). Accordingly, to the extent that Petitioner seeks immediate release, her Petition for the writ of

habeas corpus must be and is GRANTED. The Court reserves judgment on Petitioner's requests for relief beyond immediate release. *See* ECF No. 1, at 25 (requesting, *inter alia*, that the Court order Respondents to provide Balde with notice and an opportunity to be heard prior to removing her to any third country).

Respondents shall release Petitioner in this District — and file certification thereof — by **TODAY, October 9, 2026**, at **10:00 PM.** The Court's September 22, 2026 Order barring Petitioner's removal from the United States absent further order of the Court, *see* ECF No. 3, at 2, remains in effect.

SO ORDERED.

Dated: October 9, 2026
New York, New York

JESSE M. FURMAN
United States District Judge