UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

OUMOU BALDE,

Petitioner,

-v-

KENNETH GENALO et al,

Respondents.

---------------------------------------------------------------------X

26-CV-8227 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

Pursuant to the Court's October 14, 2026 Order, ECF No. 36, the parties submitted a joint letter providing their respective positions on Petitioner's request for further relief, ECF No. 37. Petitioner "seeks an injunction and/or declaration from this Court forbidding Respondents from re-detaining her for the purposes of a third-country removal until and unless Respondents have provided her the process she is due." *Id.* at 1. Respondents characterize Petitioner's request as "seek[ing] additional relief with respect to the execution of her removal order" — a matter over which, Respondents contend, "this Court lacks jurisdiction." *Id.* at 2.

Whether or not Respondents' jurisdictional argument is correct appears to be a matter on which courts in this Circuit appear to be divided.[1] But the Court is inclined to believe that it may lack jurisdiction for a different reason: Because it is not clear that Respondents seek to remove Petitioner without giving her the process she claims to be due prior to removal. *See, e.g.*, *Marchi v. Bd. Of Coop. Educ. Servs. Of Albany*, 173 F.3d 469, 478 (2d Cir. 1999) (observing that Article III's ripeness "requirement is intended 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148 (1967))). That is, absent information about what opportunities, if any, Petitioner will be provided to challenge her removal to a third country, there is a risk that any opinion as to whether those procedures comport with due process — not to mention whether

[1] *Compare, e.g., Touray v. Genalo*, 26-CV-8370 (AT), 2026 WL 3026067, at *3-4, 6 (S.D.N.Y. Oct. 7, 2026) (finding jurisdiction and ordering the government not to "detain [petitioner] for removal to a third country without providing notice and a meaningful opportunity for [petitioner] to present a claim of fear of persecution or harm that complies with . . . due process"); *D.J.R.R. v. Genalo*, 26-CV-3124 (AMD), 2026 WL 1746716, at *4 (E.D.N.Y. June 17, 2026) (finding jurisdiction over the "petitioner's challenge to his removal to a third country"), *with, e.g., Ceesay v. Bondi*, 25-CV-3716 (JSR), 2025 WL 1435615, at *2 (S.D.N.Y. May 16, 2025) (finding the petitioner unlikely to succeed in establishing jurisdiction over a request "to prevent immigration officials 'from detaining him for the purposes of removing him from the United States'"); *Sean B. v. Wolf*, 20-CV-550 (JGK), 2020 WL 1819897, at *1 (S.D.N.Y. Apr. 10, 2020) (finding no jurisdiction over a request to stay a removal order "to protect [the petitioner's] due process rights").

the Court has jurisdiction to even consider that question — would be impermissibly advisory.

In part to address this concern, the Court's October 14, 2026 Order directed Respondents to disclose in the parties' joint letter "the current status and expected timing of Petitioner's removal and specify the process, if any, to which she is entitled to challenge her removal to a third country." ECF No. 36. Respondents failed to do so. In light of that, and to discuss the next steps in this case, counsel for all parties shall appear for a conference with the Court on **October 27, 2026, at 11:00 a.m.**, in **Courtroom 24B** of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY. The parties should be prepared to address (1) "the current status and expected timing of Petitioner's removal" and "the process, if any, to which she is entitled to challenge her removal to a third country," *id.,* and (2) whether, in light of that information, Petitioner's remaining challenges are ripe for this Court's review.

SO ORDERED.

Dated: October 22, 2026
New York, New York

JESSE M. FURMAN
United States District Judge